UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SANDRA MENDEZ and
SERGIO FERNANDEZ,

    Plaintiffs,                              Case No.: 8:13-CV-00992-SCB-AEP

v.

TEQUILAS MEXICAN GRILL
& CANTINA LLC and YECID CARDENAS,

    Defendants.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, SANDRA MENDEZ and SERGIO FERNANDEZ, by and through their undersigned counsel, sue Defendants, TEQUILAS MEXICAN GRILL & CANTINA LLC and YECID CARDENAS, and state as follows:

## JURISDICTION AND VENUE

1.      This is an action for damages brought by Plaintiffs against Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq. and 29 U.S.C. §215(a)(3), for failure to pay overtime and minimum wage.

2.      Venue is proper because the events giving rise to this claim arose in this Judicial District.

## PARTIES

3.      Plaintiffs are residents of this Judicial District.

4.      Defendants are authorized and doing business in this Judicial District.

## FACTS

5. At all times material hereto, Plaintiffs were "engaged in the production of goods" for commerce within the meaning of Section 6 and 7 of the FLSA, and subject to the individual coverage of the FLSA.

6. At all times material hereto, Plaintiffs were employees of Defendants.

7. At all times material hereto, Defendants were an "employer" within the meanings of the FLSA.

8. Defendants continue to be an "employer" within the meaning of the FLSA.

9. At all times material hereto, Defendants were, and continue to be an enterprise engaged in the "providing services for commerce" within the meaning of the FLSA.

10. Defendants engaged in interstate commerce as reflected in their orders of goods and products from out of the state of Florida for use in the conduct of their business, including but not limited to food products, materials, cleaning equipment, furnishings, kitchen equipment, tableware, office supplies, and computer equipment; the production of goods within the state using materials obtained in interstate commerce.

11. In addition, Defendants employed employees whose direct and regular job duties required them to handle, sell or otherwise work on goods or materials that have been moved in interstate commerce, including use of the equipment originating outside of the State of Florida and provided by the employer to wash, serve and prepare food, to ring up sales, to collect payment from clients, to clean the restaurant, and otherwise complete the tasks assigned by Defendants to Plaintiffs.

12. Defendants' gross volume sales or business exceeds $500,000 annually.

13. At all times material hereto, the work performed by Plaintiffs was directly essential to the business performed by Defendants.

## **GENERAL ALLEGATIONS**

14. Plaintiffs have been required to retain the undersigned counsel to represent them in this action and are obliged to pay them a reasonable fee for their services.

15. Plaintiffs request a jury trial for all issues so triable.

16. Plaintiffs have satisfied all conditions precedent.

## **FACTS**

17. Plaintiff Mendez was employed by Defendants as a server at their restaurant in Clearwater, Florida from May 2012 until January 2013.

18. Plaintiff Fernandez was employed by Defendants as a cook at their restaurant in Clearwater, Florida from May 2012 until January 2013.

19. Plaintiff Mendez regularly operated equipment necessary to her job which originated from out of state. She sold goods (food and beverages) which were made out of state or included out of state ingredients. She moved materials within the restaurant which were from out of state, including but not limited to dishes, cutlery, and glassware. She operated equipment which originated out of state and participated in sales involving credit card transactions conducted over interstate communications lines.

20. Plaintiff Hernandez regularly used equipment necessary to his job which consisted primarily of preparing food and the tasks associated with that effort which originated from out of state including but not limited to stoves, coolers, hot plates, ovens. He used materials such as plates, dishes, utensils to prepare the food, many of which originated out of state. He used food products which originate in different parts of the country, and the world.

Plaintiff has observed "made in" placards and imprints which reveal the out of state production of those materials. He prepared goods which were made out of state or included out of state ingredients.

21. Throughout his employment, Plaintiff Fernandez worked for Defendants in excess of forty (40) hours within a work week.

22. Plaintiff Fernandez should have been compensated at the rate of one and one-half times Plaintiff's regular rates for those hours that he worked in excess of forty (40) hours per week as required by the FLSA.

23. Plaintiff Fernandez was not paid any additional monies for the overtime work he performed for Defendants. Additionally, Plaintiff Mendez was not paid minimum wages for all hours she worked for Defendants.

24. At all times relevant hereto, Defendant Cardenas directed the work of Plaintiffs on a day to day basis. Defendant set the rate and method of compensation for Plaintiffs. He made work schedules, assigned work and approved schedules and work assignments. He issued paychecks to Plaintiffs. He has knowledge and control over the hours worked by Plaintiffs. He has knowledge Plaintiff Hernandez worked hours for which he did not receive overtime compensation and that Plaintiff Mendez worked hours for which she did not receive the minimum wage. He was responsible as the owner of the company for all decisions related to compensation and caused the corporation to breach its obligations to Plaintiffs.

25. Defendants' actions constitute willful violations of the FLSA.

## COUNT I – FLSA VIOLATIONS

26. Plaintiffs reallege and readopt the allegations of paragraphs 1 through 25 of this Complaint as though fully set forth herein.

27. Plaintiff Fernandez worked overtime hours while employed by Defendants and was not compensated for those hours in accordance with the FLSA.

28. Plaintiff Mendez was not paid minimum wages by Defendants for all hours worked as required by the FLSA.

29. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiffs suffered damages and lost compensation, plus liquidated damages.

30. Plaintiffs are entitled to recover reasonable attorney's fees and costs under the FLSA.

WHEREFORE, Plaintiffs requests that this Court enter judgment in their favor against Defendants:

- a. Declaring the actions of Defendants are in violation of the FLSA;
- b. Awarding Plaintiffs back pay for the overtime compensation and minimum wages owed to them;
- c. Awarding Plaintiffs reasonable attorney's fees and costs and the expenses of the litigation pursuant to the FLSA;
- d. Awarding Plaintiffs liquidated damages in an amount equal to the overtime or minimum wage award.

## JURY TRIAL DEMAND

Plaintiffs demand trial by jury as to all issues.

Dated this 14th day of June, 2013.

Respectfully submitted,

s/ Donna V. Smith
**LUIS A. CABASSA**
Florida Bar Number: 0053643
Direct Dial: 813-379-2565
**DONNA V. SMITH**
Florida Bar Number: 661201
Direct Dial: 813-386-0995
Wenzel Fenton Cabassa, P.A.
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Mail Number: 813-224-0431
Facsimile: 813-229-8712
E-Mail: lcabassa@wfclaw.com
E-Mail: dsmith@wfclaw.com
**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 14, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to the following:

Rory B. Weiner
Florida Bar No. 252300
RORY B. WEINER, P.A.
Lumsden Executive Park
671 West Lumsden Road
Brandon, Florida 33511-5911
Telephone: 813-681-3300
Facsimile: 813-681-3391
E-Mail: rweiner@roryweiner.com

s/ Donna V. Smith
**DONNA V. SMITH**